**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CURV BRANDS, LLC and CURV GROUP, LLC, | ) ) ) Judge: |
| Plaintiffs, | ) ) Magistrate Judge: ) |
| v. | ) Civil Action No.: ) |
| VIKING GEAR and BEN WALLRAF, | ) JURY DEMAND ) ) |
| Defendants. | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Curv Brands, LLC ("Curv Brands") and Curv Group, LLC ("Curv Group"), for their Complaint against Defendants Viking Gear ("Viking") and Ben Wallraf ("Wallraf") allege as follows:

**JURISDICTION, VENUE AND PARTIES**

1. This action arises under the Patent Laws of the United States, including 35 U.S.C. §§271 and 281. This Court has jurisdiction over the subject matter of this case under 28 U.S.C. §§1331 and 1338(a).

2. This Court has personal jurisdiction over Viking because Viking does substantial business in this judicial district and offers to sell and sells products accused of patent infringement in this judicial district including, but not necessarily limited to Thorkey™ pocket key organizers. Viking has been selling and/or offering to sell these pocket key organizers in the United States and within this judicial district using interactive websites such as www.amazon.com and/or www.ebay.com (Exs. B and C).

1

3.	This Court has personal jurisdiction over Wallraf because Wallraf, as Manager of Viking, aids, abets, directs and controls the transaction of business by Viking in this judicial district, including selling and/or offering to sell the ThorKey™ pocket key organizers in this judicial district using the aforementioned interactive websites (Exs. B and C).

4.	Venue is proper in this judicial district under 28 U.S.C. §§1391(b) and (c) and/or 28 U.S.C. §1400 (b).

5.	Curv Brands is an Illinois Limited Liability Company having a principal place of business at 860 Bonnie Lane, Elk Grove Village, Illinois 60007.

6.	Curv Brands is the owner of all right, title and interest in U.S. Patent D705,533 S ("the '533 patent"). The '533 patent claims an ornamental design for a pocket key organizer as shown and described in Exhibit A.

7.	Curv Group is an Illinois Limited Liability Company having a principal place of business at 860 Bonnie Lane, Elk Grove Village, Illinois 60007.

8.	Curv Group exclusively licenses the '533 patent from Curv Brands. Curv Group makes and sells pocket key organizers under the Keysmart® name, which embody the design claimed in the '533 patent.

9.	Viking is a Belgium company, registered in Belgium as Enterprise Number 0655.928.945, and having a principal place of business at Leopoldlaan 49, box bus 2, 3900 Overpelt, Belgium. Viking sells ThorKey™ pocket key organizers having the ornamental design shown in Exs. B and C.

10.	Wallraf is an individual who has a business address at Leopoldlaan 49, box bus 2, 3900 Overpelt, Belgium. Wallraf is the Manager of Viking

**COUNT I – PATENT INFRINGEMENT BY VIKING**

11. Plaintiffs incorporate by reference the allegations in Paragraph 1-10 above.

12. The '533 patent was duly and legally issued by the U.S. Patent and Trademark Office and remains in full force and effect.

13. Viking has directly infringed, and continues to directly infringe the '533 patent by making, importing, using, offering to sell and/or selling pocket key organizers that embody the claimed ornamental design including, but not necessarily limited to, pocket key organizers sold under the name ThorKey™ (Exs. B and C).

14. Viking has infringed and continues to infringe the '533 patent by contributing to and/or actively inducing direct infringement of the '533 patent by others. The infringing activities by Viking include encouraging, aiding and abetting Amazon, EBay, and/or others to make, import, use, offer to sell and/or sell infringing pocket key organizers in the United States. The infringing pocket key organizers include, but are not necessarily limited to, ThorKey™ pocket key organizers.

15. Viking had constructive notice of the '533 patent by virtue of the Keysmart® pocket key organizers and their packaging being marked with notice of the '533 patent.

16. Viking had further notice of the '533 patent by virtue of correspondence between Viking and Curv Group, beginning not later than October 2016.

17. Notwithstanding its notice of the '533 patent, Viking has, and continues to wantonly and willfully infringe the '533 patent, entitling Plaintiffs to enhanced damages under 35 U.S.C §284.

18. Viking's conduct further warrants a finding that this case is exceptional, entitling Plaintiffs to recover reasonable attorney fees under 35 U.S.C. §285.

19. By reason of Viking's infringement of the '533 patent, Plaintiffs have and will continue to suffer irreparable harm, the full extent of which is presently unknown. Viking has

benefitted from its unlawful infringement of the '533 patent and will continue to be unjustly enriched unless and until it is enjoined by this Court.

20. The balancing of hardships between the Plaintiffs and Viking is such that Plaintiffs would suffer greater injury from Viking's continued infringement than Viking would suffer from an immediate cessation of infringement.

21. The public interest would be better served by preliminary enjoining Viking from further infringement than by permitting Viking to continue infringing the '533 patent.

## COUNT I – PATENT INFRINGEMENT BY WALLRAF

22. Plaintiffs incorporate by reference the allegations in Paragraph 1-21 above.

23. Wallraf has directly infringed, and continues to directly infringe the '533 patent by making, importing, using, offering to sell and/or selling pocket key organizers that embody the claimed ornamental design including, but not necessarily limited to, pocket key organizers sold under the name ThorKey™ (Exs. B and C).

24. Wallraf has infringed and continues to infringe the '533 patent by contributing to and/or actively inducing direct infringement of the '533 patent by Viking, and by others, including retailers such as Amazon and/or EBay. The infringing activities by Wallraf include encouraging, aiding and abetting others to make, import, use, offer to sell and/or sell infringing pocket key organizers in the United States. The infringing pocket key organizers include, but are not necessarily limited to, ThorKey™ pocket key organizers.

25. Wallraf had constructive notice of the '533 patent by virtue of the Keysmart® pocket key organizers and their packaging being marked with notice of the '533 patent.

26. Wallraf had further notice of the '533 patent by virtue of correspondence between Viking and Curv Group, beginning not later than October 2016.

27. Notwithstanding his notice of the '533 patent, Wallraf has, and continues to wantonly and willfully infringe the '533 patent, entitling Plaintiffs to enhanced damages under 35 U.S.C §284.

28. Wallraf's conduct further warrants a finding that this case is exceptional, entitling Plaintiffs to recover reasonable attorney fees under 35 U.S.C. §285.

29. By reason of Wallraf's infringement of the '533 patent, Plaintiffs have and will continue to suffer irreparable harm, the full extent of which is presently unknown. Wallraf has benefitted from its unlawful infringement of the '533 patent and will continue to be unjustly enriched unless and until it is enjoined by this Court.

30. The balancing of hardships between the Plaintiffs and Wallraf is such that Plaintiffs would suffer greater injury from Viking's continued infringement than Wallraf would suffer from an immediate cessation of infringement.

31. The public interest would be better served by preliminary enjoining Wallraf from further infringement than by permitting Wallraf to continue infringing the '533 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Curv Brands, LLC and Curv Group, LLC pray for the following relief against Defendants Viking Gear and Ben Wallraf:

A. That the Court enter judgment that the '533 patent is infringed by Viking and Wallraf, and Plaintiffs are entitled to an award of damages to be proven at trial, but in no event less than a reasonable royalty;

B. For preliminary and permanent injunctions against Defendants' continued infringement of the '533 patent, including preliminary and permanent injunctions against all direct, contributory and actively induced infringement;

C. For an accounting and recovery of damages adequate to compensate Plaintiffs for Defendants' infringement of the '533 patent, including but not limited to Defendants' profits

pursuant to 35 U.S.C. §289, Plaintiffs' lost profits, and not less than a reasonable royalty under 35 U.S.C. §284;

      D.      For a finding that Defendants' patent infringement has been wanton and willful, such that Plaintiffs' are entitled to receive up to three times the amount of damages defined in subparagraph C above;

      E.      For a finding that Plaintiffs' case against Defendants is exceptional, such that Plaintiffs are entitled to recover reasonable attorney fees pursuant to 35 U.S.C. §285; and

      F.      For such further relief as the Court may deem equitable, just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Dated: February 23, 2017            /s/ Maxwell J. Petersen/
                                                  Maxwell J. Petersen
                                                  Steven M. Shape
                                                  LEWIS BRISBOIS BISGAARD & SMITH, LLP
                                                  550 West Adams Street, Suite 300
                                                  Chicago, Illinois 60661
                                                  Tel: (312) 463-3386
                                                  Fax: (312) 345-1778
                                                  Email: maxwell.petersen@lewisbrisbois.com
                                                                steven.shape@lewisbrisbois.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CURV BRANDS, LLC and<br>CURV GROUP, LLC, | )<br>) Judge:<br>) |
| Plaintiffs, | ) Magistrate Judge:<br>) |
| v. | ) Civil Action No.:<br>) |
| VIKING GEAR and<br>BEN WALLRAF, | ) JURY DEMAND<br>)<br>) |
| Defendants. | ) |

## LOCAL RULE 3.2 NOTIFICATION OF AFFILATES
## DISCLOSURE STATEMENT

Pursuant to Local Rule 3.2, Plaintiff Curv Brands, LLC, by its undersigned attorney, states that it has no publicly held affiliates.

Dated: February 23, 2017          /s/Maxwell J. Petersen
                                  Maxwell J. Petersen
                                  Steven M. Shape
                                  LEWIS BRISBOIS BISGAARD & SMITH, LLP
                                  550 West Adams Street, Suite 300
                                  Chicago, Illinois 60661
                                  Tel: (312) 463-3386
                                  Fax: (312) 345-1778
                                  Email: maxwell.petersen@lewisbrisbois.com
                                         steven.shape@lewisbrisbois.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CURV BRANDS, LLC and | ) | |
| CURV GROUP, LLC, | ) | Judge: |
| | ) | |
| Plaintiffs, | ) | Magistrate Judge: |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| VIKING GEAR and | ) | JURY DEMAND |
| BEN WALLRAF, | ) | |
| | ) | |
| Defendants. | ) | |

**LOCAL RULE 3.2 NOTIFICATION OF AFFILATES
DISCLOSURE STATEMENT**

Pursuant to Local Rule 3.2, Plaintiff Curv Group, LLC, by its undersigned attorney, states that it has no publicly held affiliates.

Dated: February 23, 2017   /s/Maxwell J. Petersen/
Maxwell J. Petersen
Steven M. Shape
LEWIS BRISBOIS BISGAARD & SMITH, LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
Tel: (312) 463-3386
Fax: (312) 345-1778
Email: maxwell.petersen@lewisbrisbois.com
steven.shape@lewisbrisbois.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CURV BRANDS, LLC and ) <br> CURV GROUP, LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> VIKING GEAR and ) <br> BEN WALLRAF, ) <br> ) <br> Defendants. ) | Judge: <br><br> Magistrate Judge: <br><br> Civil Action No.: <br><br> JURY DEMAND |

**LOCAL RULE 3.4 NOTICE OF CLAIMS
INVOLVING A PATENT**

Pursuant to Local Rule 3.4, Plaintiffs provide the information required by 35 U.S.C. §290:

The Plaintiffs are Curv Brands, LLC, and Curv Group, LLC, both Illinois limited liability companies, both having a principal place of business at 860 Bonnie Lane, Elk Grove Village, Illinois 60007.

The first Defendant is Viking Gear, a Belgium company registered in Belgium as Enterprise Number 0655.928.945, having a principal place of business at Leopoldlaan 49, box bus 2, 3900 Overpelt, Belgium.

The second Defendant is Ben Wallraf, an individual having a business address at Leopoldlaan 49, box bus 2, 3900 Overpelt, Belgium.

The patent-in-suit is U.S. Patent D705,533, entitled "Pocket Key Organizer." Michael Tunney is the sole inventor.

Dated: February 23, 2017

/s/Maxwell J. Petersen/
Maxwell J. Petersen
Steven M. Shape
LEWIS BRISBOIS BISGAARD & SMITH, LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
Tel: (312) 463-3386
Fax: (312) 345-1778

Email: maxwell.petersen@lewisbrisbois.com
steven.shape@lewisbrisbois.com